UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 17-44836

5310 BAYHAM, LLC,                                   Chapter 11

           Debtor.                       Judge Thomas J. Tucker
_____/

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On July 20, 2017, the Debtor filed a plan and disclosure statement, in a document entitled "Debtor's Combined Plan and Disclosure Statement" (Docket # 28). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document ("Disclosure Statement"). The Court notes the following problems, which Debtor must correct.

First, Debtor treats the $138,694.45 claim of Kirkland Financial, LLC ("Kirkland"), in Class 1 of the Plan on pages 6 and 7, as a mortgage claim secured by real property, but does not give the address of the property. The Debtor must amend the Plan by providing the full address of the property securing the claim treated in Class 1. It appears that the address of the real property securing the claim treated in Class 1 is the same as the address of the real property on which the Wayne County Treasurer has a tax lien (5310 Bayham, Dearborn Heights, Michigan), and that the Wayne County Treasurer's tax lien takes priority over the Class 1 claim. If this is so, the Debtor must state that the Class 1 claim is secured by a second priority lien.

Second, Debtor treats the claim of the Wayne County Treasurer in "Class 3" on pages 7-8 of the Plan. With regard to the treatment of this claim, Debtor must change "Class 3" to "Class 2" and Debtor must state the date on which payments on this claim will commence.

Third, the Plan does not contain a class consisting of the equity interest holders of

Debtor. Debtor must amend the Plan so that it includes a class of, and the treatment of, the equity interest holders, which in this case means the members of the LLC. Unless otherwise provided in the plan or in an order confirming a Chapter 11 plan, the general rule is that the confirmation of a plan "terminates all rights and interests of equity security holders . . . provided for by the plan." 11 U.S.C. § 1141(d)(1)(B). The Plan must state who will own the reorganized Debtor (*e.g.*, Debtor must state whether Randal Manny (70% equity interest) and Shane Manny (30% equity interest) will retain their equity interests).

Fourth, Debtor must describe the background for Randal Manny and Shane Manny (*e.g.*, their educational backgrounds and work history).

Fifth, Debtor must amend Paragraph VI.E of the Disclosure Statement on page 29 so that it states in its entirety:

> *If the plan is confirmed by the Court:*
>
> 1. *Its terms are binding on the debtor, all creditors, shareholders and other parties in interest, regardless of whether they have accepted the plan.*
>
> 2. *Except as provided in the plan and in 11 U.S.C. § 1141(d):*
>
> (a) *In the case of a corporation that is reorganizing and continuing business, as in this case:*
>
> (1) *All claims and interests will be discharged.*
>
> (2) *Creditors and shareholders will be prohibited from asserting their claims against or interests in the debtor or its assets.*

Accordingly,

IT IS ORDERED that no later than **July 25, 2017**, Debtor must file an amended

combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **July 25, 2017**, Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes Debtor has made to "Debtor's Combined Plan and Disclosure Statement" filed July 20, 2017.

**Signed on July 21, 2017**



/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**